IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | NO. 3:18-cr-33 (CAR) |
| | : | |
| KENTAVIOUS DEVOM BURGESS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON MOTION TO RECEIVE CREDIT FOR TIME SERVED

Defendant Kentavious Devom Burgess entered a plea of guilty to one count of carrying a firearm during and in relation to drug trafficking in violation of 18 U.S.C. Section 924(c)(1)(A), and was sentenced on April 10, 2019, to a term of 60 months in prison, "to be served consecutively to any term of imprisonment that may be imposed in the Athens-Clark County, Georgia Superior Court Case No. SU-17-CR-0105, for violation of probation," and three years supervised release.[1]

Defendant has written a letter to the Court, which the Clerk has docketed as a "Motion to Receive Credit for Time Served" [Doc. 94]. Defendant seeks to receive credit for time he served in the Butts County holding facility before he was sentenced on the federal charges in this case.

---

[1] Judgment [Doc. 83].

This Court does not have jurisdiction to grant the relief Defendant requests. The calculation of a term of imprisonment, including credit for time served in official detention prior to the date of sentencing, is governed by 18 U.S.C. § 3585. Such calculations are an administrative function entrusted to the Bureau of Prisons ("BOP"), which "initially possesses the exclusive authority . . . to compute sentence credit awards after sentencing."[2]

Because the granting of credit for time served is "in the first instance an administrative, not a judicial function," a claim for credit for time served may be raised in a petition under 28 U.S.C. § 2241 but only after the exhaustion of administrative remedies available through the BOP.[3] Defendant has not shown that he has exhausted the available administrative remedies through the BOP. After Defendant fully exhausts his administrative remedies with the BOP, Defendant may bring a judicial challenge to the BOP's decision by filing a civil action under 28 U.S.C. § 2241 in the district and division of his confinement.[4] It appears Defendant is incarcerated in Yazoo City, Mississippi, and thus, this Court does not have jurisdiction to consider a section 2241 petition.

---

[2] *Rodriguez v. Lamar*, 60 F.3d 745, 747 (11th Cir. 1995) ("The Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of the Circuit to compute sentence credit awards after sentencing."); *United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018) ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts.").
[3] *Rodriguez v. Lamer*, 60 F.3d 745, 746 (11th Cir. 1995).
[4] *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.").

For the foregoing reasons, Defendant's "Motion to Receive Credit for Time Served" [Doc. 94] is **DISMISSED**.

**SO ORDERED**, this 22nd day of December, 2022.

                                                s/ C. Ashley Royal
                                                C. ASHLEY ROYAL, SENIOR JUDGE
                                                UNITED STATES DISTRICT COURT